IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CLAYTON THOMAS, | ) |
| Petitioner, | ) |
| | ) No. 2:18-cv-02467-TLP-tmp |
| v. | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| Respondent. | ) |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Petitioner Trina Thomas appeals the final decision of Respondent Commissioner of Social Security ("Commissioner") denying her son, C.T., from receiving social security income. (ECF No. 1.) The Court referred the matter to the Magistrate Judge for a report and recommendation. (ECF No. 5.) The Magistrate Judge entered a Report and Recommendation ("R&R") recommending that the Court affirm the Commissioner's final decision. (ECF No. 15.) For the reasons below, the Court **ADOPTS** the R&R in full and **AFFIRMS** the Commissioner's decision.

The Magistrate Judge made four findings to support its recommendation. First, he found that the Administrative Law Judge ("ALJ") did not err in finding that C.T.'s attention deficit hyperactivity disorder ("ADHD") did not meet a listed impairment under social security regulations. (*Id.* at PageID 582–84) (citing 20 C.F.R. § Part 404, Subpart P, Appendix 1, 112.11).

Second, the Magistrate Judge found that substantial evidence supported the ALJ's decision to deny Petitioner's application for social security income on behalf of her son. (*Id.* at PageID 584–95.) What is more, he found that substantial evidence supported the "ALJ's findings that C.T. did not have marked or extreme limitations in any area of functioning." (*Id.* at PageID 595.)

Third, the Magistrate Judge found that the ALJ did not err in not obtaining medical opinion on whether C.T.'s ADHD is medically equivalent to a listing under social security regulations. (*Id.* at PageID 595–605.)

Fourth, the Magistrate Judge found that the ALJ did not err in not ordering a consultative examination to examine the severity of C.T.'s condition. (*Id.* at PageID 605–07.) He found that the "treatment records, school records, and in-person testimony . . . allowed the ALJ to come to an informed decision supported by substantial evidence about the severity of C.T.'s ADHD." (*Id.* at PageID 607.)

Under Federal Rule of Civil Procedure 72(b)(2), "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). No party objected to the R&R, and the time for filing objections has expired. *See* Fed. R. Civ. P. 5(b)(2), 6(d), 72(b)(2).

"When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes.

Petitioner did not file any objections to the Magistrate Judge's R&R. Having reviewed the R&R and the record here, the Court finds no clear error and **ADOPTS** the R&R in its entirety. Thus, the Court **AFFIRMS** the Commissioner's decision.

**SO ORDERED**, this 14th day of January, 2020.

    s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE